*134
 
 Weygandt, C. J.
 

 The single decisive question requiring the consideration of this court is whether the plaintiff’s evidence tends to sustain her complaint that the stone wall or barricade constructed and maintained by the defendant city constituted a nuisance in violation of Section 3714, General Code, which provides that municipalities shall keep their streets “open, in repair, and free from nuisance.”
 

 The operative facts are simple. In the city of Youngstown East Earl avenue, 27 feet in width, extends east and west, and Erie street, 30 feet wide, intersects it at a right angle. Likewise each street ends at this point. Beyond the intersection is a ravine with steep slopes and with a depth of 35 or 40 feet. As a protection to the public the city constructed a stone wall or barricade several feet beyond the end of each street. The wall extends to a height of approximately four feet above the surface of the two streets. The upper part consists of several pillars connected by horizontal steel pipe four and one-half inches in diameter.
 

 The night the plaintiff was injured she had attended a New Year’s eve celebration where intoxicating liquor had been served. Shortly before midnight a Mrs. Miller got her automobile and started to drive to the plaintiff’s home. With Mrs. Miller in the car were the plaintiff and a Mrs. Vogelsang. All three sat in the front seat. According to their testimony the purpose of the trip was to leave the plaintiff at her home. However, the record contains other evidence to the effect that their mission was to obtain an additional supply of intoxicants for the celebration. They drove southerly on Erie street. Because of the cold weather the windshield became frosted and Mrs. Miller’s vision was obscured except as to one spot she said she was able to keep clear directly in front of her. When they reached the end of Erie street Mrs. Miller, the driver, made no effort to turn to the right into East
 
 *135
 
 Earl avenue but proceeded straight ahead off the pavement and collided with the stone wall.
 

 The police were called to the scene. Because of her injuries the plaintiff was taken to a hospital. The police testified that Mrs. Vogelsang and Mrs. Miller, the driver, were staggeringly drunk, boisterous and profane, and were taken to the police station where Mrs. Vogelsang gave a fictitious name — Mae West. It was testified further' that when the police reached the scene they found that although the wheel had been broken from the steering post, Mrs. Miller still was sitting in the automobile holding the wheel and asking that someone “give her a little push.”
 

 The plaintiff contends that the conditions at the intersection of the two streets constituted a nuisance. The defendant city insists that the record discloses no evidence to substantiate this contention.
 

 One of the plaintiff’s complaints is that the existence of the stone wall itself constituted a nuisance. On the contrary the undisputed contour of the land is conclusive evidence of the necessity for a wall to protect the traveling public from danger. The lack, not the existence, of such a barrier would warrant a claim of nuisance. Had there been no wall to prevent the automobile from going over the brink and falling 35 or 40 feet to the bottom of the ravine, it is not indulging in idle conjecture to wonder whether any of the three women could have survived. Hence it would seem that the existence of the wall itself should have their approval rather than their criticism of it as a nuisance. Then, too, it should be observed that the wall was not located in the street. The evidence is in conflict as to the distance from the edge of the pavement to the wall. Some of the witnesses placed the figure as high as 11% feet, but the important fact is that the wall was not in the street.
 

 The plaintiff further claims that the wall and intersection were without adequate lights and warning
 
 *136
 
 signs and were therefore a nuisance. It is true that there was no street lamp at the wall. Most of the witnesses testified that there was a reflector in front of the wall at the end of each street, but in considering the question as to whether there is any evidence to sustain the plaintiff’s claim of a nuisance this court must assume the correctness of her version of the facts. Therefore, disregarding the definite and positive testimony of the witnesses who described the position and character of the two reflectors they said they saw, and accepting the truth of the statements of the women that they observed no reflector, does the record disclose a lack of lighting or signs such as to substantiate the plaintiff’s claim of a nuisance? It is uncontradicted that there were two street lamps in the vicinity of the intersection. One was 150 feet distant on East Earl avenue, and the other was on Erie street 300 feet from the intersection. However, the plaintiff insists that these lamps were inadequate because of several circumstances. First, she points to the fact that the stone wall had become discolored by the weather and that the two streets were surfaced with dark waterbound macadam. Likewise, she complains that across on the south side of the ravine were street lamps that were confusing to anyone driving south on Erie street toward East Earl avenue. She says too, that further confusion was caused by a slope toward the south, described by one witness as
 
 “a
 
 slight down grade” and by Mrs. Miller, the driver of the automobile, as
 
 “a
 
 little grade.” However, after a careful study of the record, this court is of the unanimous opinion that no evidence of a nuisance is disclosed by the circumstances of this case.
 

 In its brief the defendant municipality vigorously contends further that a verdict should have been directed in its favor upon the grounds of negligence on the part of both the plaintiff herself and the driver, Mrs. Miller, but in the absence of evidence of a nui
 
 *137
 
 sauce it is unnecessary to discuss these additional and otherwise pertinent questions.
 

 The judgment of the Court of Appeals must be reversed and final judgment rendered in favor of the defendant.
 

 Judgment reversed.
 

 Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.